UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NA HER,**<br><br>    Petitioner,<br><br>v.<br><br>**D.K. SISTO,**<br><br>    Respondent. | Case No. 2:07-cv-01596-AK<br><br><br><br>**ORDER** |

Na Her pled guilty to second degree murder in 1995 for acting as the driver in a drive-by shooting. The shooting killed one victim and wounded six others. Her received a sentence of 15 years to life.

In 2006, the Board of Parole Hearings concluded that Her was "unsuitable for parole and continue[d] to pose an unreasonable risk of danger to society" if released. Her filed a habeas petition in San Joaquin County Superior Court, claiming that the denial of parole violated his constitutional rights because it was unsupported by evidence, relied on unchanging factors and lacked individualized consideration. The court denied the petition, holding that "some evidence" supported the board's decision, and the board gave his request for parole "due

consideration." The state appellate and supreme courts affirmed. Her then filed a federal habeas petition, claiming that the Board's decision was unsupported by evidence, relied solely on unchanging factors and was arbitrary, and that California law entitles him to a fixed prison term. Her also asks for an evidentiary hearing.

Under 28 U.S.C. § 2254(d), a federal court can grant Her's habeas petition only if the state court's adjudication of his claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts." To make that determination, the federal court looks to the last reasoned state court decision. Ylst v. Nunnemaker, 501 U.S. 797, 803–04 (1991); Medley v. Runnels, 506 F.3d 857, 862 (9th Cir. 2007).

**1.** Her claims that he was denied due process because the Board's decision was unsupported by evidence. The last reasoned state court decision in this case is the Superior Court's denial of Her's habeas petition. The decision was not an unreasonable application of federal law. California prisoners have a liberty interest in parole. Sass v. Cal. Bd. of Prison Terms, 461 F.3d 1123, 1128 (9th Cir. 2006); cf. Greenholtz v. Inmates of the Neb. Penal and Corr. Complex, 442 U.S. 1, 12 (1979). Due process requires that parole denials be supported by "some evidence in the record." Sass, 461 F.3d at 1128. This standard was clearly established by

page 3

Superintendent v. Hill, 472 U.S. 445, 454 (1985), at the time the Superior Court made its decision.  Irons v. Carey, 505 F.3d 846, 851 (9th Cir. 2007).

The Superior Court reasonably applied this standard, finding that the Board's stated reasons for denying parole were supported by evidence.  The Board found that the commitment offense weighed against parole, because the offense "was carried out in an especially cruel or callous manner" and was "calculated and dispassionate or planned."  Cf. Cal. Code Regs. tit. 15, § 2281.  Her, driving a stolen vehicle, turned out the lights, made a U-turn and approached a group of seven victims in an apartment parking lot so that his three accomplices could shoot them.  The target of the attack died.  Six innocent bystanders, including a thirteen year old girl and her mother, were wounded by the gunfire.

The Board also found that the motive for the crime was "extremely trivial in relation to the offense."  Cf. id.  When the Board asked Her why this crime happened, his response was "I wanted to join a gang and I wanted to participate."  Her explained that he and his accomplices wanted to "earn some respect" by "using force" and "scaring people."  The Board noted Her's previous record of violence, consisting of a battery conviction.  Cf. id.

The Board lastly found that Her lacked candor and insight into the severity of his offense.  Her told the Board that his role in the shooting was minor and he

page 4

acted out of fear, but evidence in his probation report indicated that he was the oldest of the group and a leader in the gang.

    **2.** Her contends that the Board relied only on unchanging factors to deny parole. "[C]ontinued reliance on immutable factors to deny parole could result in a due process violation," Sass, 461 F.3d at 1126. However, a parole board may deem a prisoner unsuitable for parole solely on the basis of his commitment offense when the offense exhibited callous disregard for life and had a trivial motive, and the denial is made before the inmate has served the minimum term of his sentence. See Irons, 505 F.3d at 853.

    Both elements are present here. The crime demonstrated an exceptionally callous disregard for human suffering and Her's motivation was trivial indeed: Her participated in the shooting of several innocent people simply to enhance his gang's reputation. Additionally, the Board's hearing took place only 11 years into Her's sentence of 15 years to life. Furthermore, while the Board relied primarily on unchanging factors, it also pointed to Her's present lack of candor and insight.

    **3.** Her claims that the Board's decision violates due process because it was "arbitrary and capricious," not based upon an individualized determination. The claim is meritless: The Board made an individualized assessment of Her,

page 5

considering his commitment offense, conduct in prison and parole plans, and stated its reasons for concluding that he was unsuitable for parole. See Sass, 461 F.3d at 1128–29.

4. Next, Her claims that he "is not lawfully subject to the jurisdiction of the Board of Parole Hearings" because California law entitles him to a fixed term. This court cannot consider the claim, as a federal writ of habeas corpus is not available for alleged violations of state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991).

5. Finally, Her is not entitled to an evidentiary hearing, because he has not alleged facts that would entitle him to habeas relief if proven. Estrada v. Scribner, 512 F.3d 1227, 1235 (9th Cir. 2008).

Petitioner's application for a writ of habeas corpus is DENIED.

ALEX KOZINSKI
Chief Circuit Judge[*]

February 10, 2009

---

[*] Sitting by designation pursuant to 28 U.S.C. § 291(b).